Filed 8/12/15  People v. Azadrad CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B259163 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA074251) |
| v. | |
| MOHAMMAD AZADRAD, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Mohammad Azadrad (defendant) appeals the denial of his postjudgment motion to withdraw his plea.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered, defendant submitted a letter and a declaration which we have reviewed along with the entire record.  Finding no abuse of discretion or other arguable issues, we affirm the judgment.

An amended information filed in July 2013 charged defendant with the following three felonies:  count 1, petty theft with prior theft convictions, in violation of Penal Code section 666, subdivision (b); count 2, possession of methamphetamine in violation of

_____

\*       BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

Health and Safety Code section 11377, subdivision (a); and count 3, robbery, in violation of Penal Code section 211. The information further alleged that defendant had suffered a prior serious or violent felony conviction, within the meaning of the "Three Strikes" law, Penal Code sections 1170.12, subdivision (b), and 667, subdivisions (b)-(j), and had served a prior prison term as defined in Penal Code section 667.5, subdivision (b).

On October 7, 2013, defendant appeared for a probation violation hearing in Los Angeles Superior Court case Nos. LA071619 and LA069643, and for trial in the current case. At the start of the probation hearing, defendant complained that his Farsi interpreter did not translate properly in a previous proceeding and did not tell the court about his heart condition or high blood pressure. Defendant asked to proceed without an interpreter, telling the court he understood English "a little bit" and would ask the court for an explanation if he did not understand something. The trial court found the interpreter was court-appointed and certified in Farsi, and denied the request. After the court found defendant in violation of probation, defendant asked to have appointed counsel relieved and a continuance to give him time to retain private counsel. Defendant explained that his wife had spoken to an attorney, but the attorney would not appear without payment. The trial court determined that it was defendant's intent to delay sentencing, so denied the request and sentenced defendant to the previously suspended terms.[1]

The prosecution then offered defendant a sentence of four years on the open case if defendant would plead to second degree robbery and admit the prior strike. The trial court confirmed that the term would run concurrently with the terms imposed under case Nos. LA069643 and LA071619, and defendant would receive custody credit of 149 days. Defendant asked the court for a two-week continuance to retain private counsel. The trial court denied the request as untimely, noting that defendant had not named an attorney willing to represent him and had previously claimed he did not have the funds to hire private counsel.

---

[1]    We affirmed the judgments in an unpublished opinion in case No. B252219, November 26, 2014.

After some discussion of the offer and a renewed request for a continuance, defendant told the court that he felt he had no choice but to accept the offer. The court made clear to defendant that he had the choice of going to trial the next day or taking the offer, and that his plea would not be accepted unless defendant entered it freely and voluntarily. Defendant responded that he accepted the offer freely and voluntarily, that he understood each of his rights as explained by the court, as well as the consequences of his plea, and that he waived each of his rights. Defendant pled no contest to count 3, admitted the prior strike, and was sentenced in accordance with the plea agreement to two years, doubled as a second strike for a total concurrent term of four years in prison, with total custody credit of 149 days. The trial court also imposed mandatory fines and fees and dismissed the remaining counts and allegations.

Defendant thereafter filed a motion to withdraw the no-contest plea on the ground that he had not completely understood the proceedings due to his inability to communicate properly with his interpreter. Defendant testified at the hearing on the motion on January 17, 2014, assisted by retained counsel and a different Farsi interpreter. Defendant testified that his prior attorney did not return his calls, obtain certain evidence, or explain what a strike was, and that the interpreter would not translate his questions to defense counsel. Defendant claimed that the interpreter made things up and had previously told a friend that she would arrange with the District Attorney to have the friend's case dismissed in exchange for payment. Defendant admitted that during the court appearance at which he pled no contest he could understand well enough to know the interpreter was not translating properly, but he did not so inform the court. The trial court heard the argument of counsel, found defendant was not credible and denied the motion.

Defendant filed a notice of appeal on October 20, 2014, and obtained a certificate of probable cause from the trial court after this court granted defendant's application for relief from default. In his letter, defendant contends that he did not understand the interpreter or the plea agreement. In his declaration, defendant adds the following factual assertions: defense counsel did not adequately investigate exculpatory evidence

3

regarding his probation violation; the trial court used undue influence to pressure him into changing his plea in this case; he did not understand the plea agreement; the Farsi interpreter engaged in "character assassination" which included saying that defendant was "not a good person"; and defective interpretation in earlier proceedings rendered his plea not truly voluntary.

The denial of defendant's motion to withdraw his plea was a matter within the trial court's discretion, and we must defer to the court's factual findings, including the court's finding that defendant was not credible, so long as they are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) Further, we review any discretionary ruling as of "the time it was made, . . . and not by reference to evidence produced at a later date." (*People v. Welch* (1999) 20 Cal.4th 701, 739.) Thus, we have not considered any new facts presented in defendant's declaration or letter. Upon review of defendant's letter, declaration, the authorities cited by defendant, and the entire record, we find the trial court's findings are supported by substantial evidence and that defendant has not demonstrated an abuse of discretion.

We are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his motion to withdraw the plea entered in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The court's order denying defendant's motion to withdraw plea is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.